IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. McNEESE,

    **Plaintiff,**

    v.                                                    CASE NO. 25-3267-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas. Plaintiff has paid the filing fee.

Plaintiff alleges that in January 2023, Deputy Anderson came into Plaintiff's cell while doing rounds and injected a foreign object into Plaintiff's right abdomen, leaving visible blood. (Doc. 1, at 2.) Plaintiff alleges that this was done without his consent. *Id*. Plaintiff claims that the Sedgwick County Courthouse had something to do with it, and District Attorney Josh Steward said something to Deputy Anderson. *Id*. at 3. Plaintiff claims that he has been having sharp pain in his abdominal area due to what happened. *Id*. at 4. Plaintiff's request for relief seeks to have the foreign object removed and to have his state case dismissed. *Id*. at 5.

The Court is dismissing this case as duplicative and frivolous or malicious. This is Plaintiff's seventh case that he has filed based on this same claim. *See McNeese v. Anderson*, Case No. 24-3153-JWL (D. Kan.). Case No. 24-3153 was dismissed for failure to state a claim on November 4, 2024. *Id*. at Docs. 9, 10. Plaintiff filed a Notice of Appeal (Doc. 15) which was dismissed by the Tenth Circuit Court of Appeals for failure to prosecute. *Id*. at Doc. 22. Plaintiff then filed the same claims in Case No. 24-3227 on December 16, 2024. *See McNeese v. Anderson*,

Case No. 24-3227-JWL (D. Kan.). On January 29, 2025, Case No. 24-3227 was dismissed as duplicative and as frivolous or malicious. *See id*. at Doc. 10.

On February 13, 2025, Plaintiff filed *McNeese v. Anderson*, Case No. 25-3026-HLT-ADM (D. Kan.). That case raised the same claim and was dismissed as duplicative on June 2, 2025. *Id*. at Doc. 35. Plaintiff appealed, and on September 18, 2025, the Tenth Circuit Court of Appeals entered an Order and Judgment affirming the District Court's dismissal. *Id*. at Doc. 81 (stating that McNeese has repetitively sued the same parties for the same allegations—*i.e.*, that he was injected with a foreign object—and has sought the same relief—*i.e.*, that the foreign object be removed, and his underlying state criminal case be dismissed). The Tenth Circuit agreed that the case was duplicative of the other actions Plaintiff filed in federal court. *Id*. at 5.

Plaintiff continued to file these same claims in *McNeese v. Anderson*, Case No. 25-3060-JWL (D. Kan.); *McNeese v. Anderson*, Case No. 25-3073-JWL (D. Kan.); and *McNeese v. Anderson*, Case No. 25-3083-JWL (D. Kan.). The Court dismissed Case No. 25-3060 on April 4, 2025. *McNeese v. Anderson*, Case No. 25-3060-JWL, Doc. 4 (D. Kan. April 4, 2025). The Court's Memorandum and Order dismissing the case cautioned Plaintiff that any further actions filed by him based on this same incident may be summarily dismissed as duplicative and frivolous or malicious. *Id*. at 2.

Despite the Court's warning, Plaintiff has filed this current case—his seventh case alleging the same claim and seeking the same relief. The Court dismisses this matter as duplicative. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The

unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).  Any further actions filed by Plaintiff based on this same incident may be summarily dismissed as duplicative and frivolous or malicious.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous or malicious.

**IT IS SO ORDERED**.

**Dated December 12, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**